UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-22842-GAYLES

SUCESORES DE DONE CARLOS
NUNEZ Y DONA PURA GALVES,
INC., d/b/a/ BANCO NUNEZ,

        Plaintiff,

v.

SOCIÉTÉ GÉNÉRALE, S.A., d/b/a
SG AMERICAS, INC., et al.,

        Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff's Motion for Approval of a Plan for Alternative Service of Process [ECF No. 18]. The Court has reviewed the Motion and the record and is otherwise fully advised. As set forth below, the Motion is denied without prejudice.

## BACKGROUND

Plaintiff brings this action against Defendants Société Générale, S.A., d/b/a SG Americas, Inc. ("SG"), The Bank of Nova Scotia, d/b/a Scotia Holdings (US) Inc., a/k/a The Bank of Nova Scotia, Miami Agency ("Scotibank"), The National Bank of Canada, d/b/a National Bank of Canada Financial Group, Inc. ("NatBC"), and Banco Bilbao Vizcaya Argentaria, S.A., d/b/a BBVA, USA ("BBVA") alleging violations of Title III of the Helms-Burton Act.[1] Plaintiff seeks to serve Scotibank and NatBC, each Canadian companies, as well as BBVA, a Spanish company, by serving their wholly-owned United States subsidiaries.[2] Because Canada and Spain are

---

1 Title III of the Helms-Burton Act provides that anyone who "traffics in property" confiscated by the Cuban Government on or after January 1, 1959, may be liable for money damages to "any United States national who owns the claim to such property . . . ." 22 U.S.C. § 6082(a)(1)(A).
2 SG has already entered an appearance in this action and has moved to dismiss the Amended Complaint. [ECF No. 29].

signatories to The Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), service on Scotibank, NatBC, and BBVA can be accomplished via Canada and Spain's Central Authorities for service. However, Plaintiff seeks an order authorizing alternative service on their subsidiaries arguing that service via the Hague Convention will unduly delay the speedy determination of the case.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 4, service on a corporation outside of the United States may be made by (1) any internationally agreed means of service reasonably calculated to give notice, such as the Hague Convention; (2) if there is no internationally agreed means, or if the international agreement allows but does not specify other means, by a method prescribed by the foreign country's law for service, or as the foreign authority directs in response to letter rogatory or letter of request; or (3) by other means not prohibited by international agreement as ordered by the Court. Fed. R. Civ. P. 4(f)(1); 4(h)(2). "Where, as here, there are multiple independent bases for international service under Fed. R. Civ. P. 4, the Court may use its discretion to decide the proper basis for the chosen method of international service." *Ghostbed, Inc. v. Casper Sleep, Inc.*, 315 F.R.D. 689, 691 (S.D. Fla. 2016). And while "compliance with the Convention is mandatory in all cases to which it applies," *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988), the Court is permitted to order alternate means of service as long as the signatory nation has not expressly objected to those means. *Codigo Music, LLC v. Televisa S.A.*, No. 15-CIV-21737, 2017 WL 4346968, at *5 (S.D. Fla. Sep. 29, 2017). In addition, the Hague Convention only applies when "transmittal abroad . . . is required as a necessary part of service." *Volkswagenwerk Aktiengesellschaft*, 486 U.S.

at 707. It has "no further implications . . . [w]here service on a domestic agent is valid and complete under both state law and the Due Process Clause." *Id.*

Here, Plaintiff seeks to serve Scotibank, NatBC, and BBVA through their subsidiaries located in the United States. In some circumstances, a foreign corporation may be served in the United States through its wholly-owned United States-based subsidiary. *See Wood Mountain Fish, LLC v. Mowi ASA*, No. 19-22128, 2019 WL 3036536, at *1 (S.D. Fla. July 11, 2019). However, service must still comport with Florida law and the Due Process Clause. *See Codigo*, 2017 WL 4346968, at *8 (denying request to serve foreign corporation through its United States' subsidiary where plaintiffs "failed to demonstrate that service on [subsidiary] comport[ed] with Florida law . . ."); *Fendi Adele, S.R.L. v. 1N1Qualitybag.com*, No. 16-cv-60113, 2016 WL 8710784, at *1 (S.D. Fla. Mar. 29, 2016) (holding that alternate methods of service of process must "comport[] with general due process requirements.").

Pursuant to Florida Statutes §§ 48.181(3) and 48.181(1), "if a nonresident defendant does business in the forum through 'brokers, jobbers, wholesalers, or distributors,' then service through such an entity is proper as service on an agent of process." *Vega Glen v. Club Mediterranee S.A.*, 359 F. Supp. 2d 1352, 1355 (11th Cir. 2005) (quoting *McClenon v. Nissan Motor Corp.*, 726 F. Supp. 822, 826 (N.D. Fla. 1989)). However, the mere existence of a parent/subsidiary relationship—without more—does not support substituted service under Florida law. *Id.* at 1357. Rather, to justify service on a defendant via its subsidiary, a plaintiff must show "that the parent corporation exercised such a degree of control over its subsidiary that the activities of the subsidiary were in fact the activities of the parent within the state . . . ." *Id.* (quoting *McClenon*, 726 F. Supp. at 826). Plaintiff fails to make such a showing.

Aside from noting that Scotibank, NatBC, and BBVA's subsidiaries in the United States are "wholly-owned," Plaintiff fails to provide any evidence that the Defendants

3

exercised any degree of control over their subsidiaries such that substitute service is proper. *See Codigo*, 2017 WL 4346968, at * 8 ("[I]n determining whether service of process may be made on a foreign corporation through application of agency theory to a domestic company or agent, the focus is the degree of control that foreign corporation exercises over the other entity.") (citing *Lamb v. Volkswagen Aktiengesellschaft*, 104 F.R.D. 95, 98–99 (S.D. Fla. 1985)). Without additional information to support authorizing service on the subsidiaries, the Motion must be denied without prejudice, and Plaintiff must serve Scotibank, NatBC, and BBVA via the Hague Convention or through an approved alternate means.

## CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Approval of a Plan for Alternative Service of Process [ECF No. 18] is denied without prejudice.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of November, 2019.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE